IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00090-RLV
(5:14-cr-00022-RLV-DSC-1)

| | |
|---|---|
| LARRY WAYNE AIKEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

## I. BACKGROUND

On May 20, 2014, Petitioner was indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B), and he later signed a written plea agreement in which he stipulated that he was in fact guilty of the charged conduct and that he understood he faced a statutory minimum sentence of 10-years' imprisonment and a 10-year term of supervised release upon conviction. (5:14-cr-00022, Doc. No. 18: Plea Agreement).

On October 7, 2014, Petitioner appeared with counsel for his Rule 11 hearing and he was placed under oath and the elements of the charged count were explained to him,

1

along with the maximum penalties, and he averred that he understood the charge and he admitted that he was in fact guilty of the charged conduct. Petitioner also filed a factual basis to support the entry of his guilty plea, which provided as follows:

> 9. On July 25, 2013, a probation officer and U.S. Marshals went to Aiken's house to serve him with a supervised release violation warrant.
>
> 10. While at Aiken's home, the probation officer searched Aiken's room and found a laptop computer in Aiken's bedroom along with a flash drive that was located between the mattress and box spring in the bedroom.
>
> 11. Homeland Security Investigations Special Agent James Burns obtained a federal search warrant for the flash drive and forensically examined it.
>
> 12. On the flash drive, SA Burns found less than l0 images of child pornography on the flash drive.
>
> 13. Based on his training and experience, SA Burns estimates that the female children depicted in the child pornography images are between ages 3 and 8.
>
> 14. The following is a description of some of the images:
>
> - TNl39.JPc---depicts a female child wearing a tank-top and thong panties. She's leaning back on her elbows with her legs spread so that her genitals, which are barely covered by the underwear, are the focal point of the picture.
> - AS.PNG-shows a female child wearing a half shirt and transparent white underwear. She's seated on a blanket while leaning back on her hands. Her legs are spread open. She's posed in such a way that her genitals are visible through the underwear.
> - TN22.JPG-depicts a female child wearing a half shirt and red and white thong underwear while leaning back on her elbows with her legs spread. Her legs are spread in such a manner that her genitals are the focal point of the image.
> - 33381553EABjpg--depicts a clothed female child eating ice cream and sitting with her legs spread. She's wearing pink underwear, and her genitals (barely covered by the underwear) are the focal point of the picture.

15. SA Burns also examined the laptop computer and found evidence that the flash drive had been connected to it and that the folder containing the contraband images was accessed from the laptop via the flash drive. SA Burns also discovered that the 33381553EABjpg image was accessed from the laptop via the flash drive.

16. In December, 2005, Defendant was convicted of reproducing child pornography for distribution in interstate and foreign commerce by computer in violation of 18 U.S.C. 2252A(a)(3)(A).

(5:14-cr-00022, Doc. No. 29: Presentence Report).

Finally, after Petitioner averred that he understood and agreed with the contents of this factual basis, he swore that he was satisfied with the services of his attorney and that no one had promised him anything regarding his decision to plead guilty except for those provisions contained within his written plea agreement. (Id., Doc. No. 39: Rule 11 Tr.).

On June 3, 2015, Petitioner appeared with counsel for his sentencing hearing, and at the outset, the Court confirmed that Petitioner had entered a knowing and voluntary plea during his Rule 11 hearing, and the plea was therefore reaffirmed and a verdict of guilty entered in the record. The parties then stipulated there was a factual basis to support the guilty plea and that the Court could rely on the offense conduct in the presentence investigation report ("PSR") to establish that factual basis. Next, Petitioner acknowledged that he had reviewed the contents of the PSR with his counsel and that he understood its contents. Based on a criminal history category III and a total offense level of 19, Petitioner's Guidelines range was 37 to 46 months; however Petitioner was subject to a statutory minimum term of 10-years and he was sentenced in accordance with his plea agreement to this term of 10-years' imprisonment and a 10-year term of supervised

release. (Id., Doc. No. 29: PSR ¶¶ 68-69; Doc. No. 31: Judgment). Petitioner's judgment was affirmed on appeal in a per curiam, unpublished decision. United States v. Aiken, 642 F. App'x 205 (4th Cir. 2016).

In this collateral proceeding, Petitioner raises one claim of ineffective assistance of trial counsel and one claim of prosecutorial misconduct that will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct

4

falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

In his first claim for relief, Petitioner contends that his trial counsel was ineffective in advising him to sign his written plea agreement before first sharing discovery with him. (5:16-cv-00090, Doc. No. 1: Motion to Vacate at 4). This argument

5

is without merit.

During his Rule 11 hearing, Petitioner averred that he understood the charge that was filed against him; that he understood and agreed with the terms of the factual basis that was filed on his behalf; and that he was in fact guilty of the conduct charged in his bill of indictment. It is well-settled that a petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

      B.     Prosecutorial Misconduct

In his second claim, Petitioner contends that the Government committed prosecutorial misconduct by abandoning an agreement not to pursue criminal charges in exchange for his guilty plea. (Motion to Vacate at 5). To establish prosecutorial misconduct, a defendant must demonstrate: (1) that the conduct of the prosecutor was improper, and (2) that the improper conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993).

This argument was raised by Petitioner prior to his sentencing hearing and

addressed during sentencing. As Petitioner's indictment on the instant conviction explains, he was charged with possession of child pornography with an offense date of on or about July 25, 2013, in violation of 18 U.S.C. § 2252A(a)(5)(B). (5:14-cr-00022, Doc. No. 1: Bill of Indictment).

Petitioner was also convicted in this District in 2005 for knowingly reproducing child pornography for distribution in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(3)(A), and he was sentenced by this Court to a term of 60-months' imprisonment and a lifetime term of supervised release. (5:04-cr-00063, Doc. No. 18: Judgment). On two occasions following entry of this judgment, and his release from the Bureau of Prisons, Petitioner's supervised release was revoked, first on October 3, 2011, and secondly on September 3, 2013. (Id., Doc. No. 28: Judgment, filed Oct. 19, 2011; Doc. No. 39: Judgment, filed Sept. 6, 2013). In the first judgment the Court concluded that Petitioner committed a violation of the conditions of his supervised release by possessing child pornography on July 13, 2011. In the second judgment, the court found that Petitioner violated conditions of his supervised release by possessing a computer and possessing materials on his phone which described sexually explicit conduct on June 21, 2013, and that he again possessed a computer on July 25, 2013.

As these judgments make clear, and as Petitioner confirmed during sentencing, his instant conviction involved conduct that was distinct from his 2011 and 2013 supervised release violations. (5:14-cr-00022, Doc. No. 40: Sentencing Tr. at 8-9). Accordingly, Petitioner's claim of prosecutorial misconduct is without merit and it will be dismissed.

7

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 25, 2016

Richard L. Voorhees
United States District Judge